UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DORIS PENNINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-02690 |
| | § | |
| PACESETTERS PERSONNEL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Pending before the Court is the defendant's, Pacesetter Personnel Services, Inc. ("Pacesetter"), motion to dismiss (Dkt. No. 15) and supplemental motion to dismiss (Dkt. No. 30) the *pro se* plaintiff's, Doris Pennington (the "plaintiff"), amended complaint pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has failed to file a response to Pacesetter's dispositive motions. The Court has reviewed the motions, the pleadings and the applicable case law, and determines that Pacesetter's motion to dismiss for lack of subject matter jurisdiction should be **GRANTED**.

**II.    FACTUAL BACKGROUND**

On February 25, 2014, the plaintiff signed an employment contract with Pacesetter, a temporary staffing agency located in Houston, Texas. The second provision of the employment contract reads, "[w]hen my assignment is completed, I must report back the next business day to the Company for re-assignment. If I fail to report back, my unemployment benefits may be jeopardized." From March 5, 2014, to March 24, 2014, the plaintiff worked an employment assignment with The Houston Livestock Show and Rodeo as a general laborer. Upon completion of her work assignment, the plaintiff failed to report back to Pacesetter for a new job

assignment the next business day. Pacesetter accepted the plaintiff's failure to report as a voluntary resignation without good cause. On April 27, 2014, the plaintiff applied to the Texas Workforce Commission ("TWC") for unemployment benefits.

On June 5, 2014, TWC issued a determination denying the plaintiff's request for unemployment benefits, concluding that the plaintiff voluntarily resigned her employment without good cause. The plaintiff unsuccessfully appealed her claim to TWC on July 22, 2014, October 7, 2014, and December 16, 2014. Thereafter, on April 24, 2015, the plaintiff filed suit (Dkt. No. 1) in the Justice Court of Harris County, Texas, Precinct 7, Place 1 against TWC and Pacesetter, seeking unemployment benefits in the amount of $3,096.00. However, on August 13, 2015, the lawsuit was dismissed for lack of jurisdiction.

On September 10, 2015, the plaintiff commenced the instant action against TWC and Pacesetter in this Court. In her amended complaint (Dkt. No. 3) filed September 30, 2015, the plaintiff asserts that she seeks review of TWC's decision pursuant to the Administrative Procedure Act ("Act"), codified in 5 U.S.C. § 701. The plaintiff also contends that TWC's decision denied her due process and equal protection of law. On April 11, 2016, Pacesetter moved to dismiss the plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. On April 20, 2016, TWC also moved to dismiss the plaintiff's claims for lack of subject matter jurisdiction. On May 9, 2016, the plaintiff filed a motion to dismiss TWC from the lawsuit. On May 10, 2016, the Court entered an Order (Dkt. No. 25) granting the plaintiff's motion to dismiss TWC.

On May 16, 2016, the Court granted the plaintiff's motion for an extension of time to respond to Pacesetter's motion to dismiss. The deadline to respond was extended to May 31, 2016, however, the plaintiff failed to respond. According to Local Rule 7.4 of the United States

District Court for the Southern District of Texas, failure to respond to a motion will be taken as a representation of no opposition. The Court will now resolve Pacesetter's motion to dismiss.

### III. STANDARD OF REVIEW

#### A. Standard Under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party."). Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of

truthfulness to the plaintiff's allegations."). In making its ruling, a court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

### B. Standard Under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining what

statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

IV. CONTENTIONS OF THE PARTIES

### A. Pacesetter's Contentions

Pacesetter contends that the plaintiff's lawsuit should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Court lacks subject matter jurisdiction over the plaintiff's claims. Pacesetter asserts that the plaintiff's claims are against TWC, a state agency, which did not consent to be sued, as required by the Eleventh Amendment of the Constitution. Furthermore, Pacesetter contends that the plaintiff's pleadings fail to state a claim against it for which relief can be granted because the plaintiff's allegations of wrong doing are only against TWC. Accordingly, Pacesetter argues that its motion to dismiss should be granted.

### B. The Plaintiff's Contentions

Based on her amended complaint, the plaintiff contends that the Court has subject matter jurisdiction over her case because she seeks judicial review of TWC's decision pursuant to the Act. Specifically, the plaintiff asserts that TWC's decision to deny her unemployment benefits was "arbitrary, capricious and characterized by an abuse or clearly unwarranted exercise of discretion." Additionally, the plaintiff alleges that TWC's decision not to award her unemployment benefits denied her due process and equal protection under the law.

## V. ANALYSIS AND DISCUSSION

### A. Pacesetter's Motion to Dismiss for Lack of Subject Matter Jurisdiction

As a threshold matter, the Court must first determine whether it has authority over the plaintiff's claims. Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151).

"The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235 (2006) (alteration in original). A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Federal Constitution or laws. *Id*. at 513. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Id*.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In the present case, the plaintiff asserts her complaint under the Act, in an effort to qualify her claim for federal question jurisdiction. The Act states, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant

statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, the Supreme Court has held that the Act "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977).

There are two reasons why the Act is not applicable to the plaintiff's case. First, the Act is applicable to federal agencies, not state agencies. *See Dep't of Transp. & Dev. v. Beaird-Poulan, Inc.*, 449 U.S. 971, 101 S. Ct. 383 (1980). It is undisputed that TWC is a Texas agency, and that Pacesetter is not an agency by definition. Second, the agency complained of is no longer a party to this suit, pursuant to this Court's previous order granting the plaintiff's motion to dismiss TWC. Therefore, the plaintiff cannot rely upon the Act for federal question jurisdiction.

The plaintiff's pleadings also suggest that she was denied due process of law and the right to equal protection of law. However, the plaintiff failed to offer any basis or rationale to support these allegations. The well-pleaded complaint rule provides "that [a] properly pleaded complaint governs the jurisdictional determination, and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Given that neither the Act nor the claims that purport to establish a denial of due process and equal protection are applicable, the plaintiff has not shown that federal question jurisdiction exists.

In the absence of federal question jurisdiction or complete diversity of citizenship between adverse parties subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction "requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as

any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). Here, the plaintiff, a Texas resident, asserts claims against TWC, a Texas government agency, and Pacesetter, a corporation with its principle place of business in Texas. Therefore, the parties in this action are not completely diverse. Furthermore, the amount in controversy is $3,096.00—well shy of the statutory prerequisite. Thus, there is no diversity jurisdiction. Because the plaintiff does not meet the federal question or diversity requirements of subject matter jurisdiction, this Court does not have authority to adjudicate the plaintiff's claim. Accordingly, Pacesetter's motion to dismiss pursuant to 12(b)(1) of the Federal Rules of Civil Procedure is granted.

### B. Pacesetter's Motion to Dismiss for Failure to State a Claim

Because of the Court's findings with regard to Pacesetter's jurisdictional challenge, the Court is not required to address the "failure to state a claim" contention. However, assuming *arguendo* that the Court has subject matter jurisdiction to hear this case, the plaintiff's claims, nonetheless, cannot survive Pacesetter's Rule 12(b)(6) contentions. A motion to dismiss based on "failure to state a claim" premises must be evaluated in the light most favorable to the plaintiff. *See McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). The pleadings of *pro se* litigants are to be liberally construed, nonetheless, courts "still require pro se parties to fundamentally 'abide by the rules that govern the federal courts.'" *See E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Thus, courts have held, for example, that "[p]ro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief . . . ." *Id*.

Even accepting all of the plaintiff's allegations as true under the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff has not alleged a cause of

action against Pacesetter. In fact, the only time the plaintiff's pleadings reference Pacesetter is to assert that it "appeared in opposition" to the plaintiff's application for unemployment benefits at the administrative hearing. By way of this action, the plaintiff seeks to recover $3,096.00 in unemployment benefits from TWC—now a non-party to this action. The plaintiff does not allege that Pacesetter owes her any outstanding wages, benefits or other form of compensation. Nor does she contend that Pacesetter is liable for actions taken against her in violation of federal or state law. Therefore, the plaintiff's claims are alternatively dismissed for failure to state a claim upon which relief can be granted.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, Pacesetter's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 11th day of July, 2016.

_____
Kenneth M. Hoyt
United States District Judge